UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Charles R. Major, | ) | C/A No. 8:04-2062-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SC Department of Mental Health; Patrick B. Harris Hospital; George Gintoli; Carolina Emergency Physicians LLP; Dr. Stephen Burkholtz; Dr. Benjamin Crumpler; Cathy Phillips, Clerk of Anderson County Court; Greenville County Sheriff's Department; Sargent NFN Lowry; Officer J.K. Moon; 2 Unknown Social Workers, at Greenville Memorial Hospital; Steven Pruitt, Esquire; McDonald Patrick Baggett Poston & Hemphill, LLP; Porter & Rosenfield PA; Kenneth Porter, Esquire; and Harriet J. Major, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Petitioner, proceeding *pro se*, filed this civil action. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation (the "Report") of United States Magistrate Judge William M. Catoe filed January 13, 2005. This Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report recommended that plaintiff's complaint be

1

dismissed *without prejudice* and without issuance and service of process. Plaintiff timely filed objections to the Report on February 2, 2005. Plaintiff objects to the Magistrate Judge's reliance on the Prison Litigation Reform Act and argues that it is inapplicable to his case because he is not a prisoner. Additionally, plaintiff makes many other objections, none of which address the Magistrate Judge's recommendations in the Report. This Court will not address the merits of plaintiff's complaint because he has failed to establish that this Court has jurisdiction over his case.

### Prison Litigation Reform Act

Plaintiff contends that the Magistrate Judge applied the wrong standard of review in considering his case because he is not a prisoner. However, both prisoner and non-prisoner pleadings are to be screened pursuant to the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Plaintiff's Application to Proceed Without Prepayment of Fees specifically states:

> I, Charles R. Major declare that I am . . . petitioner/plaintiff/movant . . . in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

It is clear that plaintiff was notified when he filed for *in forma pauperis* status that he would be subject to the provisions of § 1915.

There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those who are unable to pay filing fees when an action is not frivolous or malicious. *See Startti v. U. S.*, 415 F.2d 1115 (5th Cir. 1969); *Higgins v. Steele*, 195 F.2d 366 (8th Cir.1952); *Williams v. Field*, 394 F.2d 329 (9th Cir. 1968). Section 1915, entitled "Proceedings in forma pauperis" applies to "the commencement, prosecution or defense of any suit, action or

proceeding, civil or criminal, or appeal therein." 28 U.S.C. § 1915(a)(1).

However, even assuming that it was improper for the Magistrate Judge to analyze plaintiff's case under the PLRA, it was not improper for him to address this Court's jurisdiction over the pending action. Federal courts can raise subject matter jurisdiction on their own. *See, e.g., Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1866).

### Jurisdiction

The plaintiff does not address the Magistrate Judge's recommendation as to lack of diversity jurisdiction. However, he does address the Magistrate Judge's recommendation that there is no federal question jurisdiction based on the Rooker Feldman doctrine.

Federal courts have limited subject matter jurisdiction; that is, they are restricted in what cases they may adjudicate and may exercise jurisdiction only if it is specifically authorized. There is a presumption against federal court jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 289 U.S. 178 (1936). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *Id*. Federal courts, on their own, may also raise objections to its subject matter jurisdiction. *See, e.g., Mottley*, 211 U.S. 149 (Supreme Court raising objection to federal court jurisdiction).

State courts have concurrent jurisdiction with federal courts over all matters within federal jurisdiction, unless there is a specific federal statute creating exclusive federal jurisdiction. The Supreme Court has instructed that there is a strong presumption in favor of concurrent state court jurisdiction. *Tafflin v. Levitt*, 493 U.S. 455, 459-60 (1990).

**Diversity Jurisdiction**

Article III of the Constitution authorizes federal court jurisdiction for suits between citizens

3

of different states. The statutory authorization for "diversity jurisdiction" is found in 28 U.S.C. § 1332: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In order for diversity jurisdiction to exist, there must be complete diversity–that is, no plaintiff can be a citizen of the same state as any of the defendants. *Owen Equip & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The party seeking to invoke federal court jurisdiction on the basis of diversity of citizenship must allege its existence and, if there is a dispute, that party has the burden of proof. *See Cameron v. Hodges*, 127 U.S. 322 (1888) (burden of pleading citizenship is on the party seeking to invoke jurisdiction).

According to the plaintiff's complaint and the service documents provided in response to the "proper form" orders in this case, plaintiff and all defendants are residents of South Carolina. Therefore, it appears to this Court, and the plaintiff has presented no evidence to the contrary, that this Court does not have jurisdiction over this case on the basis of diversity jurisdiction.

**Federal Question Jurisdiction–The *Rooker-Feldman* Doctrine**

This Court also has "jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States." 28 U.S.C. § 1331. It must be clear from the face of the plaintiff's complaint that there is a federal question. *Mottley*, 211 U.S. 149. Under § 1331 federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). It is not enough for a federal law to be an essential component of a state

4

law cause of action; federal question jurisdiction exists only if the federal law itself creates a cause of action. *See Merrell Dowel Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986).

The plaintiff's complaint alleges violations of 42 U.S.C. §§ 1983 (deprivation of constitutional rights under color of state law) and 1985 (conspiracy to deprive constitutional rights under color of state law); 18 U.S.C. § 242 (criminal deprivation of civil rights); and 18 U.S.C. § 371 (criminal conspiracy to defraud the United States). Plaintiff claims that his civil rights (under the First, Fourth, Eighth and Fourteenth Amendments) were violated by medical personnel, state agencies and officials, and law enforcement officials, in alleged conspiracies with his former spouse, her attorney, and other attorneys. Plaintiff claims that, in September 2001, he was improperly and unconstitutionally involuntarily committed to the custody of the South Carolina Department of Mental Health during the pendency of domestic relations proceedings in the Greenville County Family Court. He also contends that his rights to access to the courts and due process/equal protection rights (under the First and Fourteenth Amendments) were violated by the Anderson County Clerk of Court and by a privately retained attorney and his law firm who represented the defendants in a medical malpractice case filed in the Anderson County Court of Common Pleas by the plaintiff based on his involuntary commitment.

The *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994). Review of state or local court determinations are reviewable only by the United States Supreme Court under 28 U.S.C. § 1257. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Because the *Rooker-Feldman* doctrine is

jurisdictional, it can be raised by the court *sua sponte*.

> The Fourth Circuit recently clarified the *Rooker-Feldman* doctrine:
>
> The *Rooker-Feldman* doctrine precludes federal "review of adjudications of the state's highest court [and] also the decisions of its lower courts." The *Rooker-Feldman* bar extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it."
>
> Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgement in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Thus, "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated." Because federal jurisdiction to review the decisions of state courts "is reserved exclusively to the Supreme Court, it is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment."

*Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 382-34 (4th Cir. 2004) (internal citations omitted).

The plaintiff alleges in his objections "that the judgment of the Anderson Court can only be determined as ineffectual and that the judgment in Anderson Court has been entered erroneously, either of which, defeats the bar of the Rooker Feldman Doctrine." (Objections p. 4.)

Plaintiff alleges that the *Rooker-Feldman* doctrine does not apply for several reasons. First, under a due process claim, he "submits that Greenville County Court in March 2002, Anderson County Court in June 2002, and the SC Court of Appeals improperly failed to give the Plaintiff In-Forma-Pauperis status by abusing Constitutional law, in a continuing abuse of discretion." (Objections p. 4.) Plaintiff states that the state courts relied on *Martin v. South Carolina*, 471 S.E.2d 134 (S.C. 1995), which he alleges "is clearly ambiguous as to its meaning of a Constitutionally

fundamental right, or Constitutional exception." (Objections p. 5.) *Martin* is a South Carolina Supreme Court case reviewing a decision by a clerk of court to return an inmate's motion to proceed without costs in the circuit court. In that case, the court dismissed the case because the motion had not been presented to a circuit judge and, consequently, there was no action for the Supreme Court to review. The court then went on to discuss *in forma pauperis* motions in general:

> In the future, when an indigent litigant files a motion to proceed in forma pauperis pursuant to Rule 3(c), and the complaint does not appear to fit within exceptions to the requirement of a filing fee, the clerk of court must submit the motion to a judge for a ruling as to whether the complaint does fit within one of the statutory exceptions or whether the cause of action concerns a fundamental right that requires waiver of the filing fee.

*Id*. at 135.

Whether or not Major was improperly denied *in forma pauperis* status is not proper for this Court to consider. Federal district courts have no authority to hear appeals from state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Feldman* the United States Supreme Court differentiated between cases challenging application of a state's rules and cases challenging the rules themselves. This Court is to look not at the form, but to the "character of the proceedings." *Id*. at 226. While it is proper for a district court to consider cases challenging state rules themselves, this Court has no jurisdiction over cases challenging the application of a state's rules. *Id*.

In the instant case it is the application of South Carolina Rule of Civil Procedure 3(c) to plaintiff's case that he asking this Court to examine, rather than Rule 3(c) itself. Consequently, this Court does not have jurisdiction over plaintiff's claims as to the state courts' denial of his *in forma pauperis* motion.

Second, plaintiff asserts that his claims are not barred because he did not have a reasonable opportunity to raise his federal claim in his state proceedings. Plaintiff asserts that his state cases involved medical malpractice and medical negligence, both state law causes of action. Additionally plaintiff states:

> the illegal arrest and EMPTA claims were not addressed, as Greenville County Sheriff's Department, Greenville Memorial Hospital, Doctors Crumpler and Burkholtz and Carolina Physicians were all not sued as Defendants in the Anderson Court Case. The presiding Judge chose to place the case in the arena of medical malpractice and medical negligence as the Plaintiff's claim of loss in over $60,000 in horses was all caused by medical personnel, and he wanted it returned.

(Objections p. 5-6.) Plaintiff objects to the Magistrate Judge's determination that the issues he is raising in this case were "inextricably intertwined" with the state case because he alleges that "the issue was never raised in state court." (Objections p. 6.)

Finally, the plaintiff asserts that "a Federal District Judge may grant relief and render ineffective a judgment of a state court for matters outside the record, such as fraud or collusion in obtaining the Judgment ( Chewning v. Ford 579 Se2d 605 (SC) )." (Objections p. 6.) Major

> moves As A Matter of Law to the Fourth Circuit that the Anderson Court of Common Pleas Judgment is ineffective and was entered erroneously on May 23, 2003, exactly as the attorney prepared it on May 1, 2003. It was entered exactly thirty days before trial date, and the Plaintiff claims the order was an Abuse of Judicial Discretion and was coerced by pressure, as the Judge himself is a state employee, and the state would have to pay damages, it is an erroneous order against all bounds of due process.

(Objections pp. 8-9.) Additionally, the plaintiff alleges that "non-adjudicative state court rules, such as the ministerial duty of the Clerk to set motions when fees paid, and which stand on a par with state statutes may be challenged in Federal Court on Federal grounds of due process." (Objections p. 9.)

If this Court ruled in plaintiff's favor on any of his alleged constitutional claims, it would be overruling or otherwise finding invalid various orders and rulings made in the Family and Probate

8

courts leading up to plaintiff's involuntary commitment as well as those orders in the Anderson County Court of Common Pleas and the South Carolina Court of Appeals. Such a result is prohibited under the *Rooker-Feldman* doctrine.

## Conclusion

In his report, Magistrate Judge Catoe recommends that plaintiff's complaint in this case be dismissed without issuance and service of process. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

After a review of the case law and record before it, the Court overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, and incorporates it herein. For the reasons stated therein and in this order, plaintiff's complaint is **DISMISSED** *without* prejudice and without issuance and service of process.

**IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

May 31, 2005
Florence, SC